JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TIMOTHY ROHAN | INNOVATIVE DEVELOPMENT, LLC, STEVEN RODI, AND MARTINA RODI |
| (b) County of Residence of First Listed Plaintiff  Burlington County, New Jersey  *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Montgomery County, Pennsylvania  *(IN U.S. PLAINTIFF CASES ONLY)*  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*  Jeffrey M. Scott, Esq. ID# 60184 jscott@archerlaw.com  Kerri E. Chewning, Esq. ID#86380 kchewning@archerlaw.com  Archer & Greiner, P.C. Three Logan Square, Suite 3500  Philadelphia PA 19103-7393  215-963-3300 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 P.S. § 260.3
Brief description of cause:
Breach of Contract and Wage Claim

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $     CHECK YES only if demanded in complaint:  JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE: March 14, 2018   SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey M. Scott

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Timothy Rohan, 757 Westfield Rd., Moorestown, New Jersey 08057

Address of Defendant: Innovative Development, LLC, 18 Mainland Road, Harleysville PA 19438

Place of Accident, Incident or Transaction: Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Jeffrey M. Scott, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 14, 2018        _____        60184
                            Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 14, 2018        _____        60184
                            Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TIMOTHY ROHAN | : | CIVIL ACTION |
| v. | : | |
| INNOVATIVE DEVELOPMENT, LLC, STEVEN RODI, and MARTINA RODI | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| March 14, 2018 | *(signature)* | Jeffrey M. Scott, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-963-3300 | 215-963-9999 | jscott@archerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Timothy Rohan**<br>757 Westfield Rd<br>Moorestown, New Jersey 08057<br><br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**Innovative Development, LLC, Steven Rodi,<br>and Martina Rodi**<br>45 Creek Drive 18923<br>Millsboro, Delaware 19966<br>　　　　　　　　　**Defendants.** | **CIVIL ACTION**<br><br>**NO.**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Timothy Rohan, by and through his undersigned counsel, Archer & Greiner, P.C., hereby files this action against the above-named Defendants and in support thereof, avers the following:

## THE PARTIES

1.  Plaintiff Timothy Rohan ("Rohan") is an adult individual residing at 757 Westfield Rd, Moorestown, New Jersey 08057.

2.  Defendant Innovative Development, LLC is a Pennsylvania registered corporation, with its business office located at 18 Mainland Road, Harleysville, PA 19438.

3.  Defendant Steven Rodi, is an individual and is the president and an owner of Innovative Development, LLC, and his address is 45 Creek Drive, DE 18923.

4.  Defendant Martina Rodi, is an individual, and is an owner of Innovative Development, LLC and her address is 45 Creek Drive, DE 18923.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a), as Defendant Innovative Development, LLC is a Pennsylvania registered corporation and has sufficient contacts in the Eastern District of Pennsylvania giving rise to personal jurisdiction. All material underlying transactions occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff Rohan was hired as an employee by Defendant Innovative Development, LLC ("Company") in 2003 to perform certain sales and marketing services for the Company at their client sites as directed by IDLLC.

8. Plaintiff Rohan fulfilled his duties as directed by the Company and the Company's owners at all times.

9. Rohan was terminated from his employment on June 28, 2017.

10. Throughout Rohan's employment and until his termination with the Company, the Defendants controlled the manner in which Rohan: (1) performed his job tasks; (2) how Rohan was paid for his work performed; (3) the terms of Rohan's employment; and (4) the nature of Rohan's work.

11. Throughout Rohan's employment and until his termination from the Company, the Defendants supplied Rohan with various tools to perform his tasks.

12. Throughout Rohan's employment and until his termination from the Company, the Defendants would determine the amount and timing of Rohan's wage compensation and other compensation.

13. Throughout Rohan's employment and until his termination from the Company, the Defendants retained the right to terminate his employment at any time.

14. From January 1, 2009 until June 28, 2017, Rohan continued to work and produce substantial revenue for the Company, increasing the Company's revenue.

15. On June 28, 2017, Rohan was terminated via a letter dated June 28, 2017.

16. At the time of Rohan's termination, the Company owed him in excess of $75,000.00 for unpaid wages that he earned from the beginning of the Company's 2017 fiscal year through June 28, 2017.

17. At the time of Rohan's termination, the Company owed him unreimbursed employee business expenses in the amount of approximately $6,000.00.

18. On June 28, 2017, the Company and Defendants promised to pay Rohan his unpaid wages. To date, the Company has unreasonably, and in bad faith, refused to pay the unpaid wages that are due and owing to Rohan.

19. On June 28, 2017, the Company promised to pay Rohan his unreimbursed employee business expenses. To date, the Company has unreasonably, and in bad faith, refused to pay the unreimbursed employee business expenses.

20.  Said actions by all Defendants violate the Pennsylvania Wage Payment and Collection Law and other laws of the Commonwealth of Pennsylvania.

## CLAIMS FOR RELIEF

### COUNT I - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

21.  Plaintiff Rohan repeats and incorporates by reference his allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.  Under the Pennsylvania Wage Payment and Collection Law ("WPCL"), every employer who agrees to pay or provide fringe benefits or wage supplements must pay or provide such fringe benefits or wage supplements within ten (10) days after such payments are required to made directly to the employee. 43 P.S. § 260.3.

23.  Under the WPCL, responsible officers and principals of firms which fail to make required payments of salary and wage supplements under the WPCL are directly liable for such non-payments. <u>Amalgamated Cotton Garment & Allied Insurance Fund v. Dion</u>, 341 Pa. Super. 12, 491 A.2d 123 (Pa. Super. 1985); <u>Carpenter's Health & Welfare Fund v. Ambrose</u>, 727 F.2d 279 (3d Cir. 1983).

24.  The WPCL further provides that an employee to whom any type of wages are payable may maintain an action for recovery of such unpaid wages, benefits and supplements against an employer, which definition includes any officer of the employer which has failed to make the required payments. 43 P.S. §260.9a(b).

25.     In addition to recovery of the unpaid wages, the Company and responsible officer are also liable for liquidated damages of 25% of the total wages due as well as the employee's reasonable attorney's fees. 43 P.S. §260.9a, §260.10.

26.     At the specific instruction of the individual Defendants Rodi and Rodi, the Company has failed and refused to pay Rohan the wages he earned.

27.     By reason of the foregoing, Defendant Company and Defendants Rodi and Rodi are jointly and severally liable for violations of the WPCL in an amount in excess of $75,000.00 in unpaid wages, and in liquidated damages, plus interest, and Plaintiff's attorney's fees and costs in prosecuting this action.

WHEREFORE, Plaintiff Rohan demands judgment against all Defendants jointly and severally, in an amount in excess of $75,000.00, plus interest, and unreimbursed business expenses in the amount of approximately $6,000, together with reasonable attorney's fees and costs, interest and such other and further relief as the Court may deem just and proper.

## COUNT II- BREACH OF CONTRACT

28.     Plaintiff Rohan repeats and incorporates by reference his allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     Defendant Company promised to pay Rohan employee wages for work performed as an employee of the Company.

30.     Defendant Company also promised to pay Rohan for all business related expenses that were paid for by Rohan.

31. Rohan agreed and performed work on behalf of Defendant Company in consideration for Defendant Company's promise to pay him employee wages.

32. The Company received benefits, including the hard work, efforts and business services provided by Rohan, without paying for said services.

33. Defendant Company failed to pay Rohan his employee wages and unreimbursed business expenses from the start of Defendant Company's 2017 fiscal year through June 28, 2017.

34. Defendant Company is in material breach of its agreement to pay Rohan his wages the from the start of Defendant Company's 2017 fiscal year through June 28, 2017.

35. Rohan has suffered harm as a result of Defendant Company's breach of its agreement.

WHEREFORE, Plaintiff Rohan demands judgment against Defendants in an amount in excess of $75,000.00, plus interest, and unreimbursed business expenses in the amount of approximately $6,000, together with fees and costs, and such other and further relief as the Court may deem just and proper.

**COUNT III- UNJUST ENRICHMENT**

36. Plaintiff Rohan repeats and incorporates by reference his allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Company received benefits, including the hard work, efforts and business services provided by Rohan, without paying for said services.

38. It would be unjust for Defendant Company to retain the benefits of said service received from Rohan, as Defendant Company would be unjustly enriched.

39. For the reasons set forth above, Defendant Company is liable to Rohan under a theory of Unjust Enrichment.

WHEREFORE, Plaintiff Rohan demands judgment against Defendants in an amount in excess of $75,000.00, plus interest, and unreimbursed business expenses in the amount of approximately $6,000, together with fees and costs, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Date: March 14, 2018

ARCHER & GREINER
A Professional Corporation

By: __/s/ Jeffrey M. Scott__
Jeffrey M. Scott, Esquire
Kerri E. Chewning, Esquire
Three Logan Square
Suite 3500
1717 Arch Street
Philadelphia, Pennsylvania 19103-7393
Attorneys for Timothy Rohan

214148599v2